UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| MATILDA CAUDILL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 16-137-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | **MEMORANDUM ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the plaintiff's motions for a preliminary injunction [Record Nos. 12, 17] and the Commissioner's motion to remand this matter to the Social Security Administration ("SSA"). [Record No. 29]. For the reasons that follow, the Court will remand this matter to the SSA.

Caudill, who was approved for disability benefits in 2009, learned that her benefits would be terminated in 2015 because fraud was believed to have occurred in the approval of her application. [Record No. 9-1] Upon rehearing, a different ALJ determined that Caudill was not disabled at the time of her 2009 application. *Id.* Caudill filed a Complaint on July 5, 2016, alleging that her constitutional due process rights were violated with respect to the redetermination process. [Record No. 1] Further, she alleged that the ALJ's redetermination decision was not supported by substantial evidence. *Id.*

On September 7, 2016, the Commissioner moved to dismiss Caudill's Complaint.[1] [Record No. 9]  On September 15, 2016, Caudill filed a motion for a preliminary injunction, requesting that the SSA be required to continue her disability payments pending the outcome of her appeal.  [Record No. 12]  She renewed her motion for a preliminary injunction on October 4, 2016, after having received notice that her supplemental security income benefits would be discontinued on November 1, 2016.  [Record No. 17, p. 1]  The Court conducted a hearing on the plaintiff's motions for a preliminary injunction of October 11, 2016.  [*See* Record No. 24]

While Caudill's motions for a preliminary injunction were still under advisement awaiting further briefing of the parties, the Commissioner filed a motion to remand the matter to the SSA for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g).  [Record No. 29]  The Commissioner concedes that, upon re-examining Caudill's eligibility for disability benefits, the ALJ cited the regulations that apply to the reopening of claims rather than those for redetermination.[2]  [*See e.g.* Administrative Tr. at p. 27 citing 20 C.F.R. §§ 404.988, 416.1488]  The Commissioner also has filed a notice that Caudill's disability benefits will be reinstated pending the outcome of the proceedings on remand.  [Record No. 30]  The plaintiff has provided informal notice to the Court that she does not oppose the Commissioner's motion to remand.

---

[1] On October 7, 2016, the Court put the parties on notice that the motion to dismiss would be converted to a motion for summary judgment. [Record No. 19] The plaintiff was given 10 days to make additional filings in response.

[2] The Commissioner maintains that the ALJ followed the proper procedure for re-determining the plaintiff's claims, but concedes that citation to and discussion of the reopening procedures was improper.

-3-

Based on the foregoing, it is hereby

**ORDERED** as follows:

1. The plaintiff's motions for a preliminary injunction [Record Nos. 12, 17] are **DENIED**, as moot.

2. The Commissioner's motion for summary judgment [Record No. 9] is **DENIED**, as moot.

3. The Commissioner's motion to remand pursuant to sentence six of 42 U.S.C. § 405(g) [Record No. 29] is **GRANTED.**

This 31st day of October 31, 2016.

Signed By:
*Danny C. Reeves*   DCR
United States District Judge